```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                              **CRIMINAL NO. 3:99cr154-WHB**

**SHAWN BURTON**

### OPINION AND ORDER

This cause is before the Court on the most recent motion of Defendant seeking post-conviction relief.

In February of 2000, Defendant was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to a 105 month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a fine and special assessment in the amount of $2,100.00. Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on December 22, 2000. See United States v. Burton, No. 00-60345 (5th Cir. Mar. 23, 2001). To date, Defendant has filed six separate motions seeking post-conviction/habeas relief, all of which have been denied by this Court, and has appealed at least three of those denials to the Fifth Circuit.

Defendant's most recent motion, which is titled "Motion to Expunge Illegal Sentence", is primarily comprised of his opinions regarding the shortcomings of the penal system and the undersigned

judge.  Defendant does, however, again argue that his conviction and sentence are "illegal" as both violate his constitutional right to due process.  An alleged violation of constitutional rights is ordinarily raised in a petition seeking habeas corpus relief.  See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (finding that habeas relief is reserved for transgressions of constitutional rights).  Accordingly, the Court finds that the "Motion to Expunge Illegal Sentence" is nothing more than a successive attempt to seek post-conviction relief pursuant to 28 U.S.C. § 2255.  See e.g. United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998) (finding that a district court should not allow pleading practices to "circumvent [the] restraints on successive habeas petitions.").

In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals.  28 U.S.C. § 2255.  Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Id.  As Defendant has failed to obtain the required certification from the appellate court, the Court finds that his successive motion for relief pursuant to 28 U.S.C. § 2255 must be dismissed.[1]  See United States v. Sellers,

---

[1] Defendant's requests to the Fifth Circuit for leave to file a successive habeas corpus motion pursuant to 28 U.S.C. § 2255 have both been denied.  See In re Burton, 05-60603, Order dated December 6, 2005; In re Burton, No. 05-61124, Order dated January 9, 2006.

247 F.3d 241, 241 (5th Cir. 2001) ("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the petitioner's motion even though it was styled as a motion to reconsider).  See also Rich, 141 F.3d at 553.

 For the forgoing reasons:

 IT IS THEREFORE ORDERED that Defendant's Motion to Expunge Illegal Sentence [Docket No. 120] is hereby denied.

 SO ORDERED this the 23rd day of January, 2007.

             s/ William H. Barbour, Jr.
             UNITED STATES DISTRICT JUDGE