```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**SHAWN D. BURTON**                                          **PETITIONER**

**VS.**                                       **CRIMINAL NO. 3:99-cr-154-WHB**
                                          **CIVIL ACTION NO. 3:07-cv-211-WHB**

**UNITED STATES OF AMERICA**                                **RESPONDENT**


## OPINION AND ORDER

This cause is before the Court on Petitioner's "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)." As Petitioner is preceding *pro se*, the allegations in his Petition have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the Petition, Response by the Government, and supporting and opposing authorities and finds that the Petition should be dismissed because Petitioner failed to obtain permission from the United States Court of Appeals for the Fifth Circuit to file this successive Petition for habeas corpus relief.

The record shows that the subject Petition was filed in this Court on July 12, 2005, and was docketed as Civil Action Number 3:05-cv-429-HTW-JCS. Because the Petitioner was seeking relief pursuant to 28 U.S.C. § 2241, the case was transferred to the United States District Court for the Central District of California, which covers the district in which Petitioner was then

incarcerated.[1]  See 28 U.S.C. § 2241(a) (providing:  "The order [pertaining to the petition for habeas corpus relief] shall be entered in the records of the district court of the district wherein the restraint complained of is had.").  On March 30, 2007, the California court found that while Petitioner labeled his Petition as one under 28 U.S.C. § 2241, he was actually seeking relief under 28 U.S.C. § 2255 and, therefore, transferred the case back to this Court.

Through his Petition, Petitioner argues that he is entitled to a new trial or reversal of his conviction because his conviction was obtained through the use of perjured testimony and the Government failed to disclose exculpatory evidence in its possession.  Based on these allegations, the Court finds that Petitioner's Petition is indeed one seeking relief pursuant to 28 U.S.C. § 2255.  See United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998) (finding that a district court should not allow pleading practices to "circumvent [the] restraints on successive habeas petitions.").

Petitioner's underlying criminal case and his prior attempts to seek habeas relief are well known to this Court.  Succinctly, in February of 2000, Petitioner was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18

---

[1]   At the time the Petition was filed, Petitioner was an inmate of the Federal Correctional Complex in Adelanto, California.

U.S.C. §§ 922(g)(1) and 924 (a)(2), and was sentenced to a 105 month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a fine and special assessment in the amount of $2,100.00.  The conviction and sentence were affirmed on appeal.  To date, Petitioner has filed at least seven separate motions seeking post-conviction/habeas corpus relief, all of which have been denied by this Court, and has appealed at least four of those denials to the Fifth Circuit without success.

It is well settled that in order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals.  See U.S.C. § 2255.  Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id.  As Petitioner has failed to obtain the required certification from the appellate court, the Court finds that his successive motion for relief pursuant to 28 U.S.C. § 2255 must be dismissed.  See United States v. Sellers, 247 F.3d 241, 241 (5th Cir. 2001) ("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the petitioner's motion even though it was styled as a motion to reconsider).  See also Rich, 141 F.3d at 553.

```
   For the forgoing reason:

   IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of
Habeas Corpus by a Person in Federal Custody, which has been
construed as a successive Petition under 28 U.S.C. § 2255 [Docket
No. 122] is hereby denied.  A Final Judgment dismissing this case
with prejudice shall be entered.

   SO ORDERED this the 10th day of July, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE
```